ARMOUR & CO. v. ZVEGA.

(Circuit Court of Appeals, Eighth Circuit. July 23, 1914.)

No. 4102.

1. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURY TO SERVANT—ISSUES AND PROOF.

Plaintiff, while employed in loading tierces of lard on an elevator in de- fendant's building, was injured by the falling of a heavy plank door giv- ing entrance to the elevator, which opened by sliding upward in grooves and was held in place by a stick set upright in one of such grooves. Plaintiff's petition charged negligence generally in failing to provide a safe and suitable manner of holding the door in position when raised and more specifically in the use of the stick for that purpose. The evidence tended to show that the door fell because of the fact that the corner un- der which the stick was placed was eaten away, presumably by rats, and

rested insecurely on the stick. *Held*, that it was not error to submit to the jury the question of defendant's liability because of such defect in the door, although it was not directly charged in the petition, especially as, when the fact was brought out in the testimony, defendant was granted a continuance for four days to meet such issue.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

2. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS—INSTRUCTIONS ALREADY GIVEN.
Refusal of a requested instruction on the question of assumed risk in an action for injury to an employé *held* not error, in view of the charge given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

In Error to the District Court of the United States for the District of Nebraska; William H. Munger, Judge.

Action at law by Charles Zvega against Armour & Co. Judgment for plaintiff, and defendant brings error. Affirmed.

T. J. Mahoney, of Omaha, Neb. (J. A. C. Kennedy, of Omaha, Neb., on the brief), for plaintiff in error.

Joseph W. Woodrough, of Omaha, Neb. (David A. Fitch, of Omaha, Neb., on the brief), for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and REED, District Judge.

CARLAND, Circuit Judge. [1] Charles Zvega, 23 years of age, on July 2, 1912, was in the employ of Armour & Co. at Omaha, Neb. His duty consisted in loading barrels or tierces of lard upon an elevator for the purpose of having them raised to an upper floor, there to be loaded upon cars for shipment. The entrance to the elevator from the room in which the tierces of lard were contained was through a sliding door, about 5 feet wide and about 4 feet high. It was made of double planks and opened by sliding upward. It was about 2 inches thick and weighed from 75 to 100 pounds. When the door was raised it was supported by what is called in the evidence a squeegee stick, placed under the lower end of the door, and inserted in the groove in which the door moved up and down. This squeegee stick was like a broomstick, but a little heavier. It was about 4½ or 5 feet long. On the day in question Zvega had raised the door and placed the squeegee stick thereunder at the east side thereof, and while transferring the tierces of lard from the floor of the room, in which they were contained to the platform of the elevator, the door fell, crushing his hand and arm. He brought this action for the purpose of recovering damages for the injuries which he received as above stated. A verdict was rendered in his favor, and Armour & Co. has brought the case here, alleging error in the rulings of the trial court. Having in view the only question of negligence submitted to the jury by the court, the charge of negligence in the complaint was as follows:

"This opening is provided with a perpendicular sliding door; said door is constructed of heavy, substantial material. To open said door it is necessary

to raise same perpendicularly in the guides for that purpose provided, and the defendant, Armour & Co., negligently and carelessly failed to provide a safe and suitable manner of holding said door in position when raised; * * * that the heavy door or slide which covered said opening through which the plaintiff was required to move the barrels was sustained and held up only by a stick of wood, and that there was danger and great risk that this support would become dislodged and removed, thereby causing said heavy door to slide and fall with great force and violence, by reason of the vibration or jar caused by the elevator, or by the removal and handling of the barrels or tierces through said opening."

At the trial it was disclosed that the lower corner of the east side of the sliding door had been eaten, supposedly by rats, so that the point of the door which would rest upon the squeegee stick when the door was raised was rendered small, and that instead of having the full width and surface of the bottom of the door as originally constructed to rest upon the supporting stick, there was only a point of wood left which would rest upon the stick when in position, thus causing the door to be more liable to fall than as if said door was as originally constructed. There was a motion for the direction of a verdict in favor of Armour & Co. on the ground that the plaintiff had not complained in his complaint of any defect in the door, such as the evidence disclosed. The trial court was of the opinion, however, that the allegation of negligence in the complaint, with reference to the door, referred to the condition of the door at the time of the accident, and that the plaintiff had a right to urge as negligence the condition of the door as it existed at the time he was hurt. The record further discloses that Armour & Co. was given a continuance of four days, ostensibly for the purpose of meeting this new phase of the evidence. At the expiration of the adjournment the case was resumed, and the whole matter of the condition of the door was gone into, and the case finally went to the jury upon the question of whether it was negligence on the part of Armour & Co. to allow such a condition as existed in the door to remain. The applicable principles of law governing the case are well known and simple. It was the duty of Armour & Co. to use ordinary care to furnish Zvega with a reasonably safe place to perform his duties. Zvega on entering the service of Armour & Co., assumed all the risks and hazards of the service which were open and plainly obvious to him. He could rely upon the presumption that Armour & Co. had performed its duty. If by any negligence on his part he directly contributed to the injuries he received, he could not recover. He had been in the employ of Armour & Co. for two years, and in the particular service in which he was engaged at the time of his injury about two months. He had raised the door once before and placed the stick thereunder. The trial court ruled that Zvega could not complain of the manner that Armour & Co. had adopted for holding the door in position when raised, as the manner of so doing was fully known to him and was plainly obvious. It also ruled that the evidence in support of the two other grounds of alleged negligence, namely, the placing of the tierces of lard too near the elevator door, and insufficient light, would not authorize a verdict, and they were taken from the jury. As said before, the single question submitted to the jury was whether or not, Armour & Co. was negligent in allowing

the door to be in the condition it was, with reference to the portion thereof which had been eaten away, supposedly by rats. Zvega testified that he did not know that the door had been eaten away at the place specified. The trial court charged the jury that if Zvega knew of this hole, there could be no recovery by him. A majority of this court are of the opinion that there was evidence sufficient to go to the jury upon this point. How long the hole in the door had existed does not appear, except the inference that may be drawn from the fact that pieces of tin seemed to have been nailed over it.

In regard to the alleged error in the ruling of the court in allowing a recovery for the defect in the door, we think that, in view of the adjournment of the court and the full opportunity allowed to the defendant to go into that question, there was no prejudicial error. We do not think there was any error in the charge of the court upon the law of assumption of risk, or upon the question of whether Zvega was guilty of contributory negligence. If he knew that the hole was in the door, he might have been guilty of contributory negligence for not placing the stick at the other end of the door where there was no hole. If he knew of the existence of the hole, he assumed the risk. The judge so charged the jury in both instances. So the case comes down to the narrow question, which was submitted to the jury, as to whether Zvega knew the hole was in the door. As has been said before, the majority of this court is of the opinion that there was evidence to go to the jury upon this question.

[2] Counsel for Armour & Co. requested the court to charge as follows:

"If the defect in the lower left-hand corner of the door was so open and obvious and apparent that the plaintiff with the light that existed at the time, which was shown to have been good, could not have raised the door to the height to place the stick under it, and have placed said stick immediately under the left-hand lower corner of said door, without seeing and observing the defect then existing in that corner of the door, then with that knowledge and with the defect being so obvious and apparent, the plaintiff should be presumed to have assumed the risk resulting from said defect, and your verdict should be for the defendant."

Laying aside the question as to whether the court would have been justified in telling the jury under the evidence that the light was good, we think, as the court told the jury that Zvega could not recover if he knew of the existence of the hole, and as the jury had the whole evidence before them from which to determine this fact, that it was not prejudicial error for the court to refuse to instruct them that if Zvega could not have placed the stick under the door without discovering the hole, he must be presumed to have assumed the risk. This was only another way of saying what the court had already said, and we must presume that if the jury was of the opinion that Zvega could not have placed the stick under the door without discovering the hole, they would have found that he knew of the same, and under the charge of the court would have returned a verdict accordingly.

We have considered the other errors assigned, and find them without merit.

Judgment affirmed.